FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 SEP 22 AM 10: 19

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CLARENCE REDMOND LOGUE, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 305-041 |
| | ) | |
| CHERYL PARSONS, Superintendent; et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

While detained in the Treutlen County Probation Detention Center in Soperton, Georgia, Petitioner brought the captioned case pursuant to 28 U.S.C. § 2254 in the Central District of California.[1] The Honorable Dickran Tevrizian, United States District Judge for the Central District of California, later transferred the case to this District. Logue v. California Dept. of Corrections, CV 05-00263 DT (RZ), doc. no. 3 (C.D. Cal. Feb. 4, 2005)(hereinafter "CV 05-00263"). The matter is now before the Court on the following motions filed by Respondents Cheryl Parsons, Vanessa O'Donnell, and the Georgia Department of Corrections (collectively, "the Georgia Respondents"): 1) to dismiss the Georgia Department of Corrections as an improper party respondent (doc. no. 14), 2) to substitute Vanessa O'Donnell, the Warden of Baldwin State Prison, for Respondent Cheryl Parsons as the proper party respondent pursuant to Fed. R. Civ. P. 25(d)(1) (see doc. no. 12,

---

[1] Petitioner has since been moved to Baldwin State Prison, in Hardwick, Georgia.

p. 1 n1.; doc. no. 14, p. 1 n.1), and 3) to transfer this action back to the Central District of California (doc. no. 12). Petitioner has filed no response to the Georgia Respondents' motions; the Court accordingly considers them to be unopposed.[2] Loc. R. 7.5.

Upon due consideration, the Court **REPORTS** and **RECOMMENDS** that Respondents' motions to dismiss the Georgia Department of Corrections as an improper party respondent (doc. no. 14) and to transfer this action (doc. no. 12) be **GRANTED**, that *all* the named Georgia Respondents (Cheryl Parsons, the Georgia Department of Corrections, and Vanessa O'Donnell) be **DISMISSED**, that Respondents' request to substitute Vanessa O'Donnell for Respondent Parsons be **DENIED** as **MOOT**, and that this action be

---

[2]The Court is aware that although Petitioner has not expressed any opposition to Respondents' pending motions, Petitioner has filed a "notice" wherein he continues his complaints regarding his desire for free copies of state court records and documents he has already submitted to this Court. (Doc. no. 17). For the reasons already explained by the Court (see doc. no. 6, pp. 2-3; doc. no. 7, p. 3; doc. no. 10, p. 2 n.1), Petitioner is not entitled to free photocopies of documents he has submitted to this Court; nor is he entitled to an order from this Court forcing Respondents to provide him with free copies of any state court record or transcript he desires. Nevertheless, perhaps the reasons for the Court's disposition toward this issue bear repeating.

First, an indigent habeas petitioner is not entitled to a free transcript in order that he may simply search the record for error. See Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992)(*per curiam*)(indigent § 2254 petitioner not entitled to free transcript of state trial); Walker v. United States, 424 F.2d 278, 278-79 (5th Cir. 1970) (*per curiam*)(federal prisoner not entitled to free transcript "for the purpose of searching the record for possible error"); Route v. Blackburn, 498 F. Supp. 875, 877 (M.D. La. 1980)(state prisoner not entitled to "enlist the aid of federal courts in forcing the state to furnish a free transcript" where he has not "pointed to any specific need for a transcript"); United States v. Newsome, 257 F. Supp. 201, 203 (N.D. Ga. 1966)(same). Moreover, Petitioner has no general constitutional right to free photocopies of legal materials. See Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) (per curiam) (holding that there is no constitutional right to free, unlimited access to photocopies of documents or other legal materials) ; see also Jones v. Franzen, 697 F.2d 801, 803 (7th Cir . 1983) ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox."). Simply put, Petitioner has not shown any entitlement to receive free copies of the documents he seeks.

**TRANSFERRED** to the Central District of California.

## I. BACKGROUND AND PROCEDURAL HISTORY

The procedural history of this case is unusual and merits discussion. As noted above, Petitioner originally filed this action in the Central District of California. After noting that Petitioner is confined in this District, Judge Tevrizian transferred the petition to this Court. In doing so, Judge Tevrizian relied upon Ghereb v. Bush, 374 F.3d 727, 739 (9th Cir. 2004), in which the Ninth Circuit construed the Supreme Court's holding in Rumsfeld v. Padilla, 542 U.S. 426, 124 S. Ct. 2711 (2004), as follows:

> In [Rumsfeld] . . . . "the Supreme Court held that an American citizen detained within the United States must name his immediate custodian as the respondent in a habeas petition and must file in the district of confinement."

(See CV 05-00263, doc. no. 3, p. 1 (quoting Ghereb, 374 F.3d at 739)). Accordingly, after noting Petitioner's failure to file in the district of incarceration, Judge Tevrizian concluded that the "action [could not] proceed" in the Central District of California. CV 05-00263, doc. no. 3, p. 1.

Thus, the petition found its way to this Court. Upon examination of the petition as required by Rule 4 of the Rules Governing § 2254 Cases, the undersigned noted that Petitioner's confusing petition apparently attempted to challenge the judgments of multiple state courts in both California and Georgia, and perhaps elsewhere. (See doc. no. 3, pp. 2-3). Observing that Rule 2(d) of the Rules Governing § 2254 Cases requires state prisoners to file separate petitions when they wish to challenge the judgments of more than one state court, this Court directed Petitioner to file an amended petition challenging the judgment of only one state court. (Id. at 3). Petitioner responded by filing an amended petition challenging

3

a "probation revocation" entered by the Superior Court of Los Angeles County, California, on March 13, 2002. (See doc. no. 5, pp. 2-3, 5). Petitioner argues that his constitutional rights were violated during this California probation revocation proceeding and that he received ineffective assistance of counsel. (See id. generally).

Interestingly, according to the Georgia Respondents, Petitioner is not in custody pursuant to that Los Angeles County probation revocation, but rather pursuant to a November 22, 2004, decision of the Superior Court of Chatham County, Georgia, to revoke Petitioner's sentence of probation *in that court*. The original Georgia probated sentence was entered on March 25, 2004, following Petitioner's negotiated guilty plea to possession of a controlled substance in Chatham County. (See doc. no. 13, pp. 1-2, see also Resp.'s Ex. 1). In contrast, before transfer, Judge Tevrizian concluded that Petitioner "is confined within the state of Georgia pursuant to California convictions in 1997 and 2002." CV 05-00263, doc. no. 3, p. 1. As a result, it is perhaps not entirely clear whether Petitioner is "in custody" pursuant to the judgment of a California state court, a Georgia state court, or both.

Of course, Judge Trevizian determined that this case should be transferred without the benefit of the records of Petitioner's criminal proceedings in the Georgia state courts, or even of the amended petition clarifying that Petitioner is challenging his California probation revocation, rather than the decision of any Georgia court. Thus, it will be helpful to summarize the record now before the Court. Without explanation, Petitioner's Georgia state court records (as submitted by Respondents) begin with a May 7, 2001, court order setting Petitioner's bond. The order, which does not provide a state case number and has no obvious connection with the rest of the record provided by Respondents, indicates that Petitioner was

4

"being held in the Chatham County Detention Center on a warrant from the State of California" at the time. (Resp.'s Ex. 1, p. 19). Also of note, upon investigation of its own records,[3] the Court has discovered that on July 9, 2001, Petitioner filed a federal habeas corpus petition in this Court. See Logue v. Lawrence, CV 401-160 (S.D. Ga. July 9, 2001)("CV 401-160"). In that petition, Petitioner alleged that he was challenging a Chatham County "conviction" for violating his California parole and that he was trying to "fight" extradition to California. See CV 401-160, doc. no. 1. Although the Court noted a lack of clarity regarding the state judgment being attacked, the petition was dismissed based on the observation that Petitioner admittedly had not pursued any state remedies. See CV 401-160, doc. no. 2, *adopted by* doc. no. 6 (S.D. Ga. Oct. 3, 2001).

At any rate, Petitioner's Georgia state court record is silent thereafter until 2004, when Petitioner was indicted in the Superior Court of Chatham County, Georgia, on charges of illegally possessing a controlled substance. Resp.'s Ex. 1, pp. 15-16. Petitioner pled guilty and was sentenced to four years of probation on March 24, 2004. Resp.'s Ex. 1, pp. 7-12. At Petitioner's guilty plea hearing, he explained that he had been extradited to California in 2001, but that following his release he had returned to Georgia because his "family is here in Savannah [and he] continuously come[s] back." Resp.'s Ex. 1, p. 61. Also, according to Petitioner, at the time of the guilty plea hearing, he was "on parole" for "probation violation" in California, and that he was again "wanted in California." Id. Also

---

[3]This Court has the authority to take judicial notice of its own records. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

of note, at the hearing Petitioner requested the sentencing judge to "run[] any parole from California concurrent with the probation violation because the probation is longer than my parole." Id. at 63. Although that request hardly seems transparent, the sentencing judge did agree to "run [Petitioner's] probated sentence concurrent to . . . any . . . other time [he] would be serving." Id., see also id. at 65. The judge then imposed a sentence of four years of probation. Id. at 65.

Only seven months later, in November 2004, Petitioner's Georgia probation was revoked by the Superior Court of Chatham County after his arrest on charges related to an incident of domestic violence. Id. at 4, 13, 23. At the probation revocation hearing, it was noted that after Petitioner was sentenced to probation in March 2004, he had been "transported straight to California." Id. at 71. Nevertheless, after being released in California on June 29, 2004, Petitioner made his way back to Georgia, where he was promptly arrested on August 18, 2004, after his involvement in the abovementioned domestic dispute. Id. at 72-73. Thus, Petitioner's present incarceration in Georgia is not pursuant to any California state judgment, but instead is independently based upon the revocation of a probated sentence for a Georgia conviction. That having been said, the status of Petitioner's California convictions and sentences is uncertain from the Georgia record; nevertheless, given Petitioner's history, it seems quite likely that he remains on parole or probation in that State. Of course, as Petitioner's California state court record has not been presented to this Court, the facts cannot yet be established.

Regardless, as Petitioner's amended petition does not challenge the judgment of the Georgia state court, but rather the decision of a California state court, the Georgia

6

Respondents now argue that this case should be transferred to the Central District of California, the district within which the Los Angeles County Superior Court revoked his California probation. In addition, Respondents request that the Georgia Department of Corrections be dismissed as an improper party respondent, and that Respondent Cheryl Parsons, Petitioner's immediate custodian at the time the petition was filed, be replaced by Warden Vanessa O'Donnell, Petitioner's current immediate custodian, as the proper party respondent in this case. The Court resolves these matters as follows.

## II. DISCUSSION

This unusual habeas case presents two difficult questions for the Court: 1) Who is the proper party respondent? 2) Assuming jurisdiction exists, which district court should hear this case? The Court now takes up these questions.

A.  **May Jurisdiction Lie Over the Instant Petition?**

First, although not raised by the parties, the Court must consider, as a threshold matter, whether federal habeas jurisdiction extends to the instant case at all.[4] Respondent correctly contends that Petitioner is not in Georgia custody pursuant to the judgment of the Superior Court of Los Angeles County, California, which Petitioner presently attempts to challenge. (Doc. no. 13, pp. 1-2). "The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001)(citing 28 U.S.C. § 2254(a)). Thus, if Petitioner

---

[4] "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard System R. R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985)(citations omitted).

7

is not in any form of custody pursuant to the California state court judgment he seeks to challenge, it stands to reason that there is *no* federal subject matter jurisdiction over the instant challenge. For example, such would be the case if Petitioner's California sentence has expired: "A petitioner is not 'in custody' to challenge a conviction when the sentence imposed for that conviction has completely expired."[5] Van Zant v. Florida Parole Commission, 104 F.3d 325, 327 (11th Cir. 1997)(citing Maleng v. Cook, 490 U.S. 488, 490-91 (1989)(*per curiam*)).

That having been said, although Petitioner is currently being held in Georgia pursuant to a Georgia state court judgment--which, again, is not being challenged in the case at bar--he may nevertheless be "in custody" pursuant to the challenged California judgment for purposes of habeas jurisdiction. The "in custody" prerequisite does not require the petitioner to be physically confined pursuant to the judgment under attack at the time he files his petition. See Maleng, 490 U.S. at 491 (explaining that paroled state prisoner may challenge his conviction even though he is no longer in physical custody because his release is conditional and he remains "in custody" until his sentence expires). Indeed, the prospect of *future* confinement also satisfies the "in custody" requirement. See id. at 493. If, for example, the State of California has a detainer lodged against Petitioner, he may be

---

[5] Of course, the Court also recognizes that once the underlying sentence has expired, any challenge to a parole revocation may also be subsequently rendered moot. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7-18 (1998). It should be noted that any "mootness" inquiry must be separate from the "in custody" determination. "Mootness" is a doctrine of constitutional dimension used to determine whether a matter constitutes a live "case or controversy" under Article III. Id. at 7. In contrast, the "in custody" requirement is a statutory prerequisite to federal habeas jurisdiction. See 28 U.S.C. §§ 2241(c) & 2254(a).

sufficiently "in custody" pursuant to the California state court judgment to challenge it in federal court. Id.

Accordingly, even though Petitioner is presently confined pursuant to a Georgia state court judgment, it would be improper to conclude, based on the limited information presently before the Court, that federal habeas jurisdiction does not lie in this case. Of course, there are a number of situations that would foreclose the exercise of jurisdiction. For example, as noted, if Petitioner's California sentence has expired, then there is no jurisdiction. Likewise, if any California custody is actually predicated not upon the challenged judgment, but upon a subsequent revocation or conviction, jurisdiction would also be lacking. See Van Zant, 104 F.3d at 327-29 (no jurisdiction to challenge petitioner's *second* parole revocation where he is actually incarcerated pursuant to his *third* parole revocation). Regardless, the jurisdictional question of whether Petitioner is in California "custody" cannot be answered without knowledge of Petitioner's criminal proceedings in California.

Thus, at issue is whether this Court, or the Central District of California, the federal district within which the state judgment under attack was rendered, is the best forum within which to determine the jurisdictional issue--and, if necessary, to adjudicate the merits of the instant petition. As the relevant state court records may be found there, and for the reasons discussed *infra*, the Court concludes that the Central District of California is the more convenient forum for addressing these matters.

**B.    Who is the Proper Respondent?**

Having concluded that it is at least possible that the "in custody" requirement can be

satisfied and that jurisdiction may exist to entertain the instant petition, the Court also determines that the proper party respondents in this case are not Georgia state officials, but California state officials. Of course, as noted by Judge Tevrizian, the proper party respondent in the usual § 2254 case is the petitioner's immediate custodian. 28 U.S.C. §§ 2242, 2243; see also Rule 2(a) of the Rules Governing § 2254 Cases. Nevertheless, I am not convinced that this "default rule" provides the appropriate respondent in this case. See Rumsfeld, 542 U.S. at __, 124 S. Ct. at 2717-18 (describing "immediate custodian rule" in "core challenges" as "default rule"). The "immediate custodian rule" applies to core habeas challenges pertaining to "present physical confinement." Id. at __, 2718. Indeed, "the immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement." Id. at 2719. Rather, "a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'"[6] Id. at 2720.

Here, Petitioner does not seek release from his present confinement. Indeed, even if Petitioner were to succeed in getting a California conviction or probation revocation set aside, this would have no impact upon the fact or the length of Petitioner's present

---

[6]Likewise, the Eleventh Circuit has explained that when a state prisoner is challenging the judgment of a sovereign other than the one presently holding him, his case is properly brought against the sovereign whose judgment he challenges, and not his immediate custodian or the sovereign currently holding him. See Unger v. Moore, 258 F.3d 1260, 1264 (11th Cir. 2001)(Florida prisoner challenging Maryland conviction properly names appropriate Maryland state official as respondent, rather than any Florida state official).

10

incarceration in Georgia. Moreover, Petitioner does not contend that his present Georgia conviction, probation revocation, or sentence have been impacted in any way by the challenged California state judgment. Nor is it apparent to the Court how any Georgia official could effect any remedy should Petitioner succeed in this case. Rather, any remedy would have to be effected by the California official with "legal control" with respect to any California "custody" to which Petitioner may be subject.[7]

Indeed, relying on the Advisory Committee Notes to Rule 2 of the Rules Governing § 2254 Cases, the Ninth Circuit has explained that when a petitioner attacks the state judgment due to which he is on parole or probation, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or the state correctional agency. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996). Of course, the Court need not address whether Petitioner has named the proper California respondents; as I recommend transfer of this action for the reasons discussed herein, that matter is better addressed by the Central District of California.[8] The point here is that it is abundantly clear that the Georgia respondents named by Petitioner are not proper respondents and should be dismissed. Nor is any other appropriate respondent found in this District. Simply put, Petitioner's dispute is not with the State of Georgia, but California.

---

[7] It should perhaps be noted that Petitioner has named a number of respondents in California, including the California Board of Prison Terms, the California Department of Corrections, and the Los Angeles County Superior Court.

[8] Of course, the Court notes that if Petitioner has failed to name the proper California respondent, he may of course be afforded leave to amend his petition to remedy that defect, or California may waive the defect in any event. See Smith v. Idaho, 392 F.3d 350, 355-57 (9th Cir. 2004).

## C. Which District Court is the More Convenient Forum?

As the relevant state court records and the proper respondents in this case--the California officials with "legal control" regarding California's "custody" of Petitioner (if such custody exists)--may be found there, it is clear that the Central District of California is the more convenient forum within which to determine the jurisdictional issues of this case, and also the merits of Petitioner's case, should the case progress to an adjudication on the merits. In Braden v. 30th Judicial Circuit Court of Kentucky, 401 U.S. 484 (1973), the Supreme Court addressed the issue of habeas forum in an analogous case. In Braden, the petitioner, an Alabama state prisoner subject to a Kentucky detainer, filed a petition for writ of habeas corpus in the Western District of Kentucky challenging the validity of a Kentucky indictment. Id. at 486-87.

The Supreme Court explained that the Western District of Kentucky not only had jurisdiction over the action, but was also the most convenient forum. Id. at 493-500. First, it was in Kentucky that the proper respondent could be found. Id. at 494 In addition, the pertinent records and witnesses were all likely to be found in Kentucky. Id. at 493. Next, adjudication in the Western District of Kentucky would allow the dispute to be resolved by a federal judge "familiar with the laws and practices of Kentucky." Id. at 499.

As Respondents correctly note, all of these factors militate in favor of transfer to the Central District of California in the instant case. (See doc. no. 13, pp. 3-4). As already discussed, the proper respondents are located in California, and the relevant state court records--which will be needed in assessing whether Petitioner is in any sense in California's "custody" as a result of the challenged judgment--are located in the Central District of

California.[9] Put plainly, the sole apparent connection of this District to the instant case is that Petitioner is confined here. Although that connection is sufficient to confer jurisdiction upon this Court, it does not make this District the best forum.[10] See Braden, 410 U.S. at 499 n.15; see also Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Ca. 1968)(explaining § 2254 petition can be properly transferred to district of conviction). Rather, based upon the factors discussed in Braden, it is clear that this matter is best adjudicated in the Central District of California.

### III. CONCLUSION

Upon the foregoing, the Court **REPORTS** and **RECOMMENDS** that Respondents' motions to dismiss the Georgia Department of Corrections as an improper party respondent

---

[9]Of course, Petitioner's California court records will also be essential to determining whether Petitioner has adequately exhausted his state remedies and if the instant petition is timely under the applicable statute of limitations. See 28 U.S.C. §§ 2244(d) & 2254.

[10]As the Eleventh Circuit has explained:

> A prisoner may bring a habeas petition attacking a conviction in another state which may subject him to future custody in that state . . . In that situation, jurisdiction exists concurrently in both the district of the prisoner's confinement and the district in the state in which the conviction which he seeks to attack was entered . . . The most convenient forum will often be the district in the state whose conviction is being attacked, and a transfer of the case to that district is permissible.

Byrd v. Nelson, 754 F.2d 963, 965 (11th Cir. 1985)(internal citations omitted).

Indeed, as Petitioner challenges his supposed California "custody," and the appropriate respondents are thus California officials, it is at least arguable that this petition *must* be adjudicated in the Central District of California, as "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Feldman v. Perrill, 902 F.2d 1445, 1450 (9th Cir. 1990)(quoting Braden, 410 U.S. at 494-95).

13

(doc. no. 14) and to transfer this action (doc. no. 12) be **GRANTED**, that *all* the named Georgia Respondents (Cheryl Parsons, the Georgia Department of Corrections, and Vanessa O'Donnell) be **DISMISSED**, that Respondents' request to substitute Vanessa O'Donnell for Respondent Parsons be **DENIED** as **MOOT**, and that this action be **TRANSFERRED** to the Central District of California.

SO REPORTED AND RECOMMENDED this 22nd day of September, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE